# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| VALERIE C. SCHMITZ, individually and as Personal Representative of the ESTATE OF DAVID J. SCHMITZ, deceased,<br><br>*Plaintiff*,<br><br>vs.<br><br>UNITED STATES AIR FORCE, and UNITED STATES DEPARTMENT OF DEFENSE,<br><br>*Defendants*. | CASE NO.: 3:23-cv-04090-JDA<br><br>**JOINT STATUS REPORT AND MOTION TO EXTEND STAY** |

Defendants United States Air Force ("USAF") and United States Department of Defense ("DoD") (collectively, "Defendants") and Plaintiff Valerie C. Schmitz (collectively, the "Parties"), pursuant to the February 27, 2024, order (ECF 22), provide the Court with this status report and jointly move for an extension of the stay.

The Parties have continued to regularly meet and confer regarding Plaintiff's records requests and Defendants ongoing productions while this case has been stayed. Since February, Defendants have produced additional batches of documents to Plaintiff, including documents responsive to Plaintiff's priority records requests. However, Defendants contend that many of the documents requested by Plaintiff, including the majority of the documents implicated by Plaintiff's priority records requests, are prohibited from being released at this time as such release would interfere with an ongoing government enforcement proceeding. *See* 5 U.S.C. § 552(b)(7)(A); Air Force Instruction 51-301 ¶ 3.8.1.6.

This Court's power to stay its proceedings is well established, and "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). The Parties agree that a stay of this case pending the completion of the government enforcement proceeding would be beneficial to the Parties and would conserve the Court's resources. A stay would simplify the matters at issue, as it would allow time for the completion of the ongoing government enforcement proceeding and avoid potential litigation regarding documents withheld due to interference with the ongoing proceeding. *See Regal W. Corp. v. Neeves*, No. 2:22-CV-01653-DCN, 2022 WL 9467966, at *2 (D.S.C. Oct. 14, 2022) (noting "whether a stay would simplify the matters at issue" as one of the factors to be considered when granting a stay) (citation omitted).

The Parties request that the stay in this case remain in place for an additional ninety (90) days, up to and including August 26, 2024. An extension of the stay will allow additional time for the government enforcement proceeding to conclude, at which time Defendants will be able to fully respond to the relevant document requests. During the stay, Defendants will continue to process and produce materials that are not being withheld due to the government enforcement proceeding, as well as identify and gather responsive documents to be processed after the government enforcement proceeding is completed. The Parties would further provide a joint status report by August 26, 2024, updating the status of their ongoing discussions and document productions.

The Court maintains an inherent authority to manage its docket. The Parties recognize that pursuing this case while the government enforcement proceeding is ongoing would promote

neither their interests nor the interests of judicial economy and expediency. Therefore, the Parties respectfully ask the Court to exercise its discretion to extend the stay this case.

**JOINTLY SUBMITTED BY**

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

s/ James R. Brauchle
James R. Brauchle, Esq. (8014)
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
TEL. 843-216-9000
FAX: 843-216-9440
mschiavo@motleyrice.com
jbrauchle@motleyrice.com

*s/ Austin McCullough*
Austin McCullough (#14050)
Assistant US Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
(843) 266-1609
austin.mccullough@usdoj.gov

*Attorney for Plaintiff*

*Attorney for Defendants USAF and DoD*

May 20, 2024